IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| D.L. MEACHAM, L.P., D. L. MEACHAM CONSTRUCTION CO., LARRY MEACHAM and CHAD MEACHAM | § § § § | |
| *Plaintiffs*, | § § | Case No. _____ |
| vs. | § § § | **JURY TRIAL DEMANDED** |
| MICHAEL SHANNON FOX | § § | |
| *Defendant*. | § § | |

**COMPLAINT**

Plaintiffs D.L. Meacham, L.P., D. L. Meacham Construction Co., Larry Meacham and Chad

Meacham ("Plaintiffs") bring this action against defendant Michael Shannon Fox ("Fox") and allege:

**THE PARTIES**

1.      D.L. Meacham, L.P. is a limited partnership organized and existing under the laws of

the State of Texas, and having its principal place of business at 1702 Washington Avenue, Houston,

Texas 77007.

2.      D. L. Meacham Construction Co. is a corporation organized and existing under the

laws of the State of Texas, and having its principal place of business at 1702 Washington Avenue,

Houston, Texas 77007.  As discussed below, a demand letter was sent to Plaintiffs, which identified

an entity that does not exist, namely, D.L. Meacham Construction, Inc.  It is assumed that the intent

was to identify D. L. Meacham Construction Co.

3.      Larry Meacham is an individual residing within this judicial district.

4.      Chad Meacham is an individual residing within this judicial district.

**5.**      Upon information and belief, Michael Shannon Fox is an individual residing in the State of Florida.

### JURISDICTION AND VENUE

**6.**      This is an action arising under the Patent Act, Title 35, United States Code, and the Declaratory Judgment Act, Title 28, United States Code, §§ 2201 *et. seq.*, seeking declaratory judgments that Plaintiffs have (a) not infringed on any patent that Fox claims to own, or (b) engaged in any other wrongful conduct as Fox has alleged against Plaintiffs.

**7.**      Subject-matter jurisdiction over Plaintiffs' claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.

**8.**      Fox was employed by D.L. Meacham, L.P. for a number of years here in Houston, Texas until he left D.L. Meacham, L.P.'s employ in August 2025.  It was during the time that Fox was working as an employee for D.L. Meacham, L.P. that Fox developed a product known as a "dosing box" and a related "hose organizer" product (collectively "Products") for use in connection with lagoon projects constructed at resorts in Texas and California.  Fox has alleged that he owns unidentified patents on the dosing box and hose organizer, and that Plaintiffs have infringed on the patents.  Fox has caused these accusations of patent infringement to be communicated to Plaintiffs in this judicial district, where such communications have been received and caused harm to Plaintiffs. Fox has conducted business in this judicial district and attempted to derive financial benefits in this judicial district for himself related to the Products and alleged patents.  Fox is subject to personal jurisdiction in the State of Texas and this judicial district.

**9.**      Venue is proper in this judicial district at least under 28 U.S.C. §§ 1391(b)(2) since a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and also because a substantial part of property that is the subject of this action is situated in this

judicial district, including inventory of the Products allegedly covered by the above-referenced but unidentified patents.

### BACKGROUND FACTS

10.     Plaintiff D.L. Meacham, L.P. is a leading general contractor and builder based in Houston, Texas.  For more than 40 years, D.L. Meacham, L.P. has collaborated with leading architects, corporate clients, public entities, and private individuals to create meaningful, immersive, and connected spaces.  A particular niche type of project for which D.L. Meacham, L.P. has become the market leader is generally referred to as lagoon projects for resorts.  It was in connection with these lagoon projects that Fox was employed by D.L. Meacham, L.P. as a superintendent.

11.     During the time that Fox was employed by D.L. Meacham, L.P. and working on lagoon projects, Fox developed the Products.  These Products were designed as components to assist in the operation of a lagoon.

12.     Fox approached Larry and Chad Meacham about forming a company to commercialize the Products.  With a view toward that goal, the three of them formed a Texas limited liability company in 2023 named Blue Water Tech Supplies, LLC ("Blue Water").  Each of them was named as a Manager of Blue Water.  They attempted to negotiate the terms of an operating agreement for Blue Water, but were unable to do so.  Blue Water's charter was forfeited on February 27, 2026 for failure to comply with Section 171.308 of the Texas Tax Code.  Blue Water never conducted any business of any kind or received any income, including but not limited to related to the Products.

13.     At the request of Fox and with his permission, a number of Products were manufactured.  Some of them were installed at lagoon projects in Texas and California.  The remaining inventory of Products is being stored in this judicial district and has been made available

to Fox to retrieve and use as he desires at no cost to Fox and without any payment to any of the Plaintiffs.

14.    In or around August 2025, Fox gave notice to D.L. Meacham, L.P. that he would be leaving its employ. Around that time, Fox demanded that he be paid certain monies related to the Products that had been installed on lagoon projects.  Certain discussions occurred but no resolution was reached.

15.    Thereafter, on or about April 27, 2026, a lawyer representing Fox sent Plaintiffs a demand letter.  The letter demanded a $2,000,000 payment and threatened litigation if payment was not forthcoming.  The letter included numerous allegations of wrongful conduct on the part of Plaintiffs, and enumerated seven causes of actions, including willful patent infringement, breach of fiduciary duty, fraud by concealment and misrepresentation, conversion and civil theft, unjust enrichment and quantum meruit, accounting and constructive trust, and declaratory and injunctive relief.  A true and correct copy of the letter is attached hereto as Exhibit A.

16.    Plaintiffs deny all of allegations in the demand letter.  A live and justiciable controversy has arisen and exists between Plaintiffs and Fox concerning the matters alleged in the demand letter.  Plaintiffs seek a declaratory judgment that none of them is liable to Fox for any of the claims stated in the demand letter.

### COUNT I
### DECLARATORY JUDGMENT
### [28 U.S.C. §§ 2201-2202]

17.    Plaintiffs repeat and reallege the allegations of the preceding paragraphs, as if fully set forth herein.

18.    Fox alleges to own patents on the Products and that Plaintiffs have willfully infringed the patents.  No such patents have been provided to Plaintiffs or identified by number.  To the extent

any such patents exists and issued before any alleged infringing activity occurred, Plaintiffs are entitled to and seek entry of a declaratory judgment of non-infringement of any such patents at least because any such alleged infringing activity was carried out with permission and under license from Fox.

19.     Plaintiffs are entitled to and seek entry of judgment that none of them is liable for any of the other causes of actions alleged in the demand letter, including breach of fiduciary duty, fraud by concealment and misrepresentation, conversion and civil theft, unjust enrichment and quantum meruit, accounting and constructive trust, and declaratory and injunctive relief.

20.     Plaintiffs are entitled to and seek entry of judgment that none of them is liable for any other cause of action based upon the alleged acts of wrongful conduct stated in the demand letter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

A.     Declaratory judgment be entered that Plaintiffs have not infringed on any patent allegedly owned by Fox;

B.     Declaratory judgment be entered that none of Plaintiffs is liable for any of the other causes of actions alleged in the demand letter, including breach of fiduciary duty, fraud by concealment and misrepresentation, conversion and civil theft, unjust enrichment and quantum meruit, accounting and constructive trust, and declaratory and injunctive relief, or for any other cause of action based upon the alleged acts of wrongful conduct stated in the demand letter;

C.     Plaintiffs be granted their reasonable attorneys' fees;

D.     Plaintiffs be awarded their costs; and,

E.     Plaintiffs be granted such other and further relief as the Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable in accordance with Rule 38 of the

Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,


Dated:　May 5, 2026　　　　　　　By: _/s/　　_C. Dale Quisenberry_　　　　__
　　　　　　　　　　　　　　　　　Andrew P. McCormick
　　　　　　　　　　　　　　　　　Texas State Bar No. 13457100
　　　　　　　　　　　　　　　　　Federal I.D. Number 1311
　　　　　　　　　　　　　　　　　andy@mmtxtrial.com
　　　　　　　　　　　　　　　　　Laurie M. Landry Munoz
　　　　　　　　　　　　　　　　　Texas State Bar No. 24071782
　　　　　　　　　　　　　　　　　Federal I.D. Number 2108605
　　　　　　　　　　　　　　　　　laurie@mmtxtrial.com
　　　　　　　　　　　　　　　　　MCCORMICK | LANDRY MUNOZ PLLC
　　　　　　　　　　　　　　　　　6300 West Loop South, Suite 125
　　　　　　　　　　　　　　　　　Bellaire, Texas 77401
　　　　　　　　　　　　　　　　　Telephone: (713) 523-0400
　　　　　　　　　　　　　　　　　Facsimile: (713) 523-0408

　　　　　　　　　　　　　　　　　C. Dale Quisenberry
　　　　　　　　　　　　　　　　　Texas State Bar No. 24005040
　　　　　　　　　　　　　　　　　Federal I.D. Number 20006
　　　　　　　　　　　　　　　　　dale@quisenberrylaw.com
　　　　　　　　　　　　　　　　　QUISENBERRY LAW PLLC
　　　　　　　　　　　　　　　　　13910 Champion Forest Drive, Suite 203
　　　　　　　　　　　　　　　　　Houston, Texas 77069
　　　　　　　　　　　　　　　　　Telephone: (832) 680-5000
　　　　　　　　　　　　　　　　　Facsimile: (832) 680-5555

　　　　　　　　　　　　　　　　　ATTORNEYS FOR PLAINTIFFS